Bay, J.
In this case, I am very clearly of opinion, that the replication is a departure in pleading from the matter contained in-the declaration, which, in law, is a good cause of demurrer. Co. Litt. 303, b. 5 Comyn, 433. A departure is fatal on a general-demurrer. 5 Comyn, Tit. Pleading, 436.
In this case the declaration is on a contract of sale, and the assumpsit is for goods, wares, and merchandizes, sold and delivered. The replication, so far from supporting the count, or declaration, suggests a fraud on the part of Mayson, deceased, and alleges that the goods were obtatned by false promises, which were never performed. The one states a fair contract of sale; the other alleges fraud and circumvention in getting possession of the goods.
If this had been an action of deceit, in obtaining goods upon1 false suggestions, the replication might have been consistent with-the declaration ; they might have stood together ; but as they now-appear on paper, they are, in my opinion, incompatible.
But further, it appears from the defendant’s own shewing, that-the demand of the present plaintiff could not have been set off against Mr. Rutledge’s debt, even if he, Allen, had been guilty of no laches in his life time, but had offered it, by way of discount* against Mr. Rutledge’s bond. It would have been totally inad.-missible, inasmuch as the demands were totally independent of each other. Articles sold and delivered to Mayson, could not have been set off against a bond, due and payable to Mr. Rutledge. The defendant, therefore, had himself to blame, in his life time, in not making his demand against Mayson, and his representative afterwards, in due time. I think, therefore, that the judgement ought to stand.
Brevard, Colcock, Smith, and Nott, Js., concurred-